IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC DEAN,

    Petitioner,

vs.

THOMAS CAREY, Warden, et al.,

    Respondents.

No. 2:07-cv-01531-MMM

ORDER

Eric Dean, a California state prisoner, petitions *pro se* for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a decision by the California Board of Parole Hearings finding him unsuitable for parole. The United States Court of Appeals for the Ninth Circuit is currently adjudicating an appeal, Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008), which may have an impact on how federal district courts review decisions by the California Board of Parole Hearings. Therefore, this court *sua sponte* stays the proceedings pending resolution of Hayward by the *en banc* court.

1    A district court has the inherent power to stay cases to control its docket and
2    promote efficient use of judicial resources. See Landis v. North American Co.,
3    299 U.S. 248, 254-55 (1936); Dependable Highway Express v. Navigators Ins.
4    Co., 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether a stay is
5    appropriate pending the resolution of another case, a district court must consider
6    various competing interests, including: (1) the possible damage which may result
7    from the granting of a stay; (2) the hardship to the parties if the suit is allowed to
8    go forward; and (3) the orderly course of justice measured in terms of the
9    simplifying or complicating of issues, proof, and questions of law which could be
10   expected to result from a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109-10
11   (9th Cir. 2005); CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).
12   Additionally, a district court must consider whether a stay pending resolution of
13   another case is likely to be resolved in a reasonable amount of time because of the
14   duty to adjudicate habeas petitions in a reasonable time frame. Yong v. INS, 208
15   F.3d 1116, 1119-20 (9th Cir. 2000).

16   **1. Damage**

17   The only potential damage resulting from a stay is to Carey, who may have
18   to wait longer for resolution of his petition. However, prudence dictates that the
19   court await the Ninth Circuit's *en banc* decision in Hayward so that Carey's claims

need not be reconsidered in the wake of that appeal. Reconsideration would also result in delay. It is consequently not clear that a stay pending Hayward will ultimately lengthen the pendency of Carey's petition. The court finds that the possible damage to Carey is minimal.

**2. Hardship**

Both parties face the prospect of hardship if the court were to resolve the petition before Hayward is decided. If Hayward affects the legal standard applicable to federal habeas petitions challenging parole hearings in California, then this proceeding, and possibly a subsequent parole hearing, may need to be reconsidered and may result in duplicate hearings. Therefore, the court finds that both parties would be disadvantaged by permitting the petition to proceed at this stage.

**3. Orderly Course of Justice**

A stay pending resolution of Hayward will permit the court to consider Carey's petition under the most current precedent and thereby will simplify the proceedings and promote the efficient use of judicial resources. It is in the interest of justice to await the *en banc* decision in Hayward rather than proceeding and having to reconsider the case. Therefore, the court finds that a stay promotes the orderly course of justice.

1    **4. Temporal Limit**

2    "'The writ of habeas corpus, challenging illegality of detention, is reduced to

3    a sham if . . . trial courts do not act within a reasonable time.' A long stay also

4    threatens to create the perception that courts are more concerned with efficient trial

5    management than with the vindication of constitutional rights." Yong, 208 F.3d at

6    1120 (quoting Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir.1978) (footnote

7    omitted)). Here, however, the stay is not indefinite and is related to the timing of

8    the Ninth Circuit's decision in Hayward. The court finds that the length of the stay

9    will not be unreasonable.

10   Therefore, it is ORDERED that this action be administratively stayed

11   pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th

12   Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008).

13

14                                                *M. Margaret McKeown*

15   Dated: June 17, 2009                         _____
16                                                HON. M. MARGARET MCKEOWN
17                                                UNITED STATES CIRCUIT JUDGE
18                                                Sitting by Designation
19
20